UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SAFECO INSURANCE COMPANY OF ILLINOIS                                          PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:25-CV-61-LG-RPM

JOHN COREY EDWARDS et al                                          DEFENDANTS

## ORDER REGARDING SANCTIONS

This matter is before the Court to consider whether sanctions should be imposed on Plaintiff Safeco Insurance Company of Illinois (Safeco) for its conduct and the representations made by its attorney, Daniel Hammett, leading up to and during the settlement conference conducted before the undersigned on February 12, 2026.  The Court issued a show cause order on March 2, 2026, to which both parties have filed responses.  [57] [58] [59] [61].

Rule 16(f) of the Federal Rules of Civil Procedures authorizes this Court to enter "any just orders" when a party "fails to participate in good faith" at a settlement conference.  *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1334 (5th Cir. 1996) ("[w]e cannot allow parties to waste the court's dispute resolution assets by pretending to support settlement while never intending to settle the case.").  Sanctions are warranted when a party attends a settlement conference intending not to reach a settlement.  *Walker v. George Koch Sons, Inc.*, No. 2:07-CV-274-KS-MTP, 2009 WL 190048, at *1 (S.D. Miss. Jan. 23, 2009).  The failure to make a "bonafide offer" or to offer "serious money" does not justify sanctions absent evidence that a party attended a settlement conference intending not to reach a settlement.  *Ibid.*  A court may infer a lack of good faith where a party makes specific representations to the court about its intent to negotiate but then demonstrates no genuine intention to negotiate at the conference itself.  *Guillory*, 95 F.3d at

1334-35; *In re Bank of Louisiana/Kenwin Shops Inc.*, No. Civ.A. 97 MDL 1193, 1999 WL 529532, at *1-2 (E.D. La. July 21, 1999).

On February 12, 2026, the undersigned conducted a settlement conference with the parties. In attendance were Safeco's claims adjuster Hunter Byars and Safeco's attorney Daniel Hammett. Also in attendance were Defendants John Corey Edwards, Anne Edwards, and Jason Edwards, as well as Defendants' attorneys Kristy Davies and Colby Langston. Prior to the settlement conference, Safeco indicated to the Court that it did not anticipate offering any money to settle the case. The parties jointly requested that the settlement conference be cancelled because they believed settlement discussions would not be fruitful. Defendants also indicated they would be travelling from South Carolina and Georgia to attend the conference and did not want to incur those expenses if settlement discussions were not likely to be beneficial. On February 10, 2026, two days prior to the scheduled settlement conference, the Court conducted a telephonic status conference to address the parties' request to cancel.

Prior to February 10th, Safeco clearly stated it was not willing to offer any money to settle the case. During the telephone call, defense counsel again expressed reluctance to attend the settlement conference, which would require lead counsel and the individual Defendants to travel from out of state and therefore would require substantial expenditures of time and money. Defense counsel also indicated during the telephone call that Safeco was not willing to talk or engage in settlement negotiations. In response to this statement, Safeco's counsel, Mr. Hammett, stated they were always willing to talk and further elaborated that Safeco was planning to attend the conference in good faith and would have a representative there with full settlement authority.

Mr. Hammett's statement that Safeco was willing to talk and would attend in good faith with full settlement authority, when made within the context of a telephone call to discuss

2

whether to go forward with the settlement conference, created the impression that Safeco had relented from its earlier unwillingness to offer any money.  In direct response, defense counsel immediately indicated that she and her clients would be willing to go forward with the settlement conference after all.  Mr. Hammett was fully aware of Defendants' change of plans and intention to attend from out of state and on short notice.  He should have been aware that this change by Defendants occurred because of his representations during the telephone call; yet he remained conspicuously silent regarding Safeco's intentions.

At this point, it was the Court's understanding that the parties had reached an agreement to go forward with the settlement conference.  Contrary to Mr. Hammett's characterization in response to the show cause order, the undersigned did not force the parties to participate in the settlement conference.  Nor had the undersigned made up his mind that the settlement conference would go forward regardless of the parties' settlement positions.  Rather, Mr. Hammett's statements during the telephone call induced defense counsel to change her position about attending the settlement conference.  Accordingly, the undersigned did not cancel the scheduled settlement conference.

When Mr. Hammet stated during the February 10th telephone call that Safeco was willing to talk, attend in good faith, and have a representative present with full settlement authority, both counsel for Defendants and the undersigned were under the distinct impression that Safeco had changed its prior settlement position.  Mr. Hammett should have realized that his statements during the February 10th telephone call had induced defense counsel to change her position about going forward with the settlement conference.  Specifically, Mr. Hammett should have clarified that, despite his ambiguous statements indicating something to the contrary, Safeco was still unwilling to offer any money to settle the case.  Instead, Mr. Hammett remained

3

silent where clarification would have been prudent.  Any reasonable attorney would interpret Mr. Hammett's statements to mean that Safeco was willing to participate in meaningful settlement discussions.  Moreover, any reasonable attorney would know that "meaningful settlement discussions" involve a sum of money greater than zero.  However, at the settlement conference, Safeco's representative stated that its full settlement authority was $0.

The Court finds either a lack of awareness or a lack of complete candor on Mr. Hammett's part.  The Court and Defendants were left to operate under a misunderstanding of Mr. Hammett's own making.  Relying on his assurances that Safeco was willing to talk settlement and have a representative with full settlement authority, Defendants made travel arrangements on short notice and at considerable expense of both time and money.  Then, when everyone was present for the settlement conference, Safeco's representative informed the Court that his top dollar was "zero."  During negotiations, the undersigned questioned Mr. Hammett regarding this apparent reversion to Safeco's earlier position not to offer any money.  Undoubtedly realizing the precariousness of the situation, Safeco eventually offered $5,000—which Mr. Hammett candidly characterized as "inflammatory."

Mr. Hammett argues that Defendants and the undersigned simply misunderstood or misinterpreted his statement when he said that Safeco was willing to talk.  He merely meant Safeco was willing to talk about the issues in the summary judgment motion.  Counsel made no such clarification at the time of the telephone call but offers it as a post hoc rationalization when confronted with the possibility of sanctions.  The undersigned does not conduct settlement conferences for the purpose of a mere academic debate on pending dispositive motions.  Nor would it be reasonable for an attorney of even limited experience to believe that settlement conferences are simply opportunities to discuss fine legal points.  The purpose of a settlement

conference is to discuss a case's value and decide whether the parties can reach an agreement in terms of money—something greater than $0.  Against the backdrop of defense counsel's expressed desire to cancel the settlement conference to avoid travel expenses, Mr. Hammett represented that Safeco was willing to "talk" and thus would attend in good faith with a Safeco representative who had full settlement authority.  However, Mr. Hammett failed to advise the Court and defense counsel that Safeco's position regarding its settlement position remained the same—it was unwilling to offer any money to resolve this case.

During the February 10th telephone call, statements by Safeco's counsel reasonably led defense counsel and the undersigned to believe that there was a prospect for settlement—a change from Safeco's earlier position that it was unwilling to offer anything to settle the case.  It should have become apparent to Mr. Hammett that his careless and ambiguous statements misled defense counsel and the Court.  In turn, Mr. Hammett owed a duty to the Court and to Defendants to clarify his ambiguous statements regarding the prospects for settlement.  Nevertheless, the undersigned finds that Mr. Hammett's conduct, although it came perilously close to the line, did not rise to the level of bad faith necessary to impose sanctions.  *See Dawson v. United States*, 68 F.3d 886, 895-96 (5th Cir. 1995).  The Court cannot compel Safeco to offer any amount of money to settle a case, and Safeco's mere failure to offer "serious money" does not justify sanctions.  *See Walker, Inc.*, 2009 WL 190048, at *1.  Accordingly, the Court finds monetary sanctions should not be awarded.

SO ORDERED AND ADJUDGED, this the 31st day of July 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE